IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-1494-08



MELANIE D. McFATRIDGE, Appellant

v.

THE STATE OF TEXAS



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
NAVARRO COUNTY



           Price, J., delivered the opinion of the Court in which Keller, P.J., and
Womack, Johnson, Keasler, Hervey and Holcomb, JJ., joined. Meyers, J., filed
a concurring opinion. Cochran, J., dissented.

O P I N I O N

           We granted the appellant’s petition for discretionary review in this cause to examine
the court of appeals’s holding that the trial court did not abuse its discretion in finding that
the appellant was not indigent for purposes of obtaining a free record and the assistance of
counsel for appeal. Because we believe that the trial court’s decision is reasonably supported
by the record, we find no abuse of discretion and affirm the judgment of the court of appeals.
 
FACTS AND PROCEDURAL POSTUREIn January of 2008, the trial court found the appellant, who was represented by
appointed counsel, guilty of driving while intoxicated. The appellant gave timely notice of
appeal and filed a sworn statement of indigency requesting that the trial court appoint her
counsel for appeal. She also filed a motion for a free court reporter’s record. In her sworn
statement of indigency, the appellant listed her monthly income as $550, and her monthly
“general expenses” as $484.


 Utilizing a mechanism that is available in civil appeals, the
court reporter from the DWI trial subsequently filed a “Contest of Affidavit of Inability to
Pay Costs” in which she challenged the appellant’s claim of indigency.


 To support her
contest, the court reporter relied on a conversation she had with the appellant during the DWI
trial, wherein the appellant offered to trade antiques for a copy of the record, which the court
reporter estimated would cost $3,000. The court reporter declined the appellant’s offer.
            Over the course of three days in late February of 2008, the trial court held a hearing
to determine whether the appellant was indigent. The appellant did not testify at the hearing. 
Instead, she called her landlord as a witness, who testified that the appellant paid $200 a
month for rent. The appellant also attempted to show that, because of her bad credit, she
could not establish accounts in her own name, presenting a witness who testified that the
appellant’s electricity bill was in his name. When pressed, however, this witness was unable
to say why the appellant could not have the account in her own name. The appellant also
offered into evidence receipts of her monthly expenses.



           The State countered with evidence of the appellant’s assets.


 It presented testimony
from the court reporter about the appellant’s offer at trial to barter antiques, arguing that
these antiques should be considered an asset of the appellant. The State later called an
employee from the Navarro County Appraisal District to testify that the appellant was listed
in the county records as the owner of two pieces of real property—the property where the
appellant lived and a second, non-exempt property assessed to have a market value of $6,670,
with deeds dated in 1997 and 2002, respectively.



           The State also introduced evidence to impugn the veracity of the appellant’s sworn
statement of indigency. The appellant’s indigency statement had implied that a portion of
her monthly expenses was devoted to the support of minor children. In order to show that
the appellant had no dependent children presently living with her, the State offered a copy
of a child-support lien, filed in 2004, showing “unpaid support in the amount of $5,834.00.” 
The State requested judicial notice of the lien to show that the appellant had no dependents
living with her that would contribute to her expenses. Although there were no objections to
admission of the child-support lien, the trial court neither took judicial notice of it, as
requested, nor ever formally admitted it into evidence.
           The trial court then asked the appellant to supply a copy of her 2006 tax return, which
she had submitted in support of an earlier affidavit requesting counsel for her trial. After the
State rested, the appellant also offered court records from her unsuccessful attempt to have
tenants evicted from her second, non-exempt property in August 2000, attempting to show
that this real property neither generated income nor was readily convertible to cash, and
therefore should not be considered as an asset. At the conclusion of the hearing the trial
court orally announced that it found the appellant “no longer indigent.”
           Later, the trial court issued written findings of fact and conclusions of law. Based
upon the appellant’s income-tax return, the trial court found that she had an income of
$10,905 for the 2006 tax year.


 The trial court also found that she had current monthly
expenses of $338.78, non-exempt real property with a value of $6,670, and non-exempt
personal property, the antiques, worth $3,000. At the time of the appellant’s hearing, a
defendant qualified as indigent in Navarro County if his net household income did not exceed
100% of the United States Department of Health and Human Services Poverty Guidelines
($10,400 in 2008) and the value of his non-exempt assets did not exceed $1,000 or the
estimated cost of obtaining competent private legal counsel.


 Applying these criteria, the trial
court found that the appellant had both sufficient income and sufficient non-exempt assets
to exceed the threshold for indigency. The trial court further determined that the appellant
failed to rebut the State’s evidence at her indigency hearing and that she had been
erroneously appointed counsel in her initial trial. The trial court expressly concluded that the
appellant “is not indigent and has the financial means and resources to employ counsel of her
choice to represent her on appeal.” However, the trial court made no separate ruling on the
appellant’s request for a free record. The findings of fact and conclusions of law make no
mention of the notice of a child-support lien. 
           The appellant, representing herself, appealed the trial court’s indigency determination
to the Tenth Court of Appeals. In a published opinion, the court of appeals held that the trial
court’s “findings [were] supported by the evidence.”


 Accordingly, it found the trial court
did not abuse its discretion in finding the appellant to be non-indigent.


 The appellant filed
a pro se petition for discretionary review challenging the court of appeals’s determination
that the trial court did not abuse its discretion and asserting that the court of appeals based
its decision on “false statements and twisted facts.”


 
STANDARD OF REVIEW
           A defendant is indigent for purposes of the appointment of appellate counsel if he is
“not financially able to employ counsel.”


 For purposes of qualifying as an indigent in order
to receive a copy of the record furnished without charge, a defendant must be unable to “pay
or give security for the appellate record.”


 Indigency determinations are made at the time
the issue is raised and are decided on a case-by-case basis.


 Determining indigency for
purposes of appointing counsel and indigency for purposes of obtaining a free record are
discrete inquiries, but the factors to be considered are the same.


 A defendant can be found
indigent for one purpose without being found indigent for the other.


 Relevant to both
indigency determinations are “the defendant’s income, source of income, assets, property
owned, outstanding obligations, necessary expenses, the number and ages of dependents, and
spousal income that is available to the defendant.”


 Each county should have guidelines and
financial standards that it applies to determine whether a defendant is indigent for purposes
of appointing counsel.



           This Court has adopted a two-step process to guide courts in making indigency
determinations for purposes of a free record for appeal. First, the defendant must make a
prima facie showing of indigency.


 Once the defendant satisfies this initial burden of
production, the burden then shifts to the State to show that the defendant is not, in fact,
indigent.


 This means, essentially, that unless there is some basis in the record to find the
defendant’s prima facie showing to be inaccurate or untrue, the trial court should accept it
as sufficient to find him indigent.


 After a defendant establishes a prima facie showing of
indigency, “an appellate court can uphold a trial court’s determination of non-indigence only
if the record contains evidence supporting such a determination.”


 In Whitehead, we
recognized that the two-step process outlined above also applies when determining whether
a person is indigent for purposes of appointed counsel.


 A reviewing court should uphold
a trial court’s ruling denying indigent status only if it finds that the trial court, having utilized
this two-step process, “reasonably” believed the defendant was not indigent.



           A reviewing court may not consider facts that were not developed in the record.


 In
this case we must determine whether, based on the record from the indigency hearing and
under the framework described above, the parties satisfied the necessary burdens of
production and persuasion. The appellant contends that she met her evidentiary burden in
her initial indigency hearing, entitling her to a free record and appointed counsel for appeal. 
The State concedes as much but answers that its rebuttal was sufficient to cast doubt on the
defendant’s indigency claim. If the State is correct that it has carried its burden to produce
rebuttal evidence, the issue then devolves into whether it can be said that the State also
satisfied its burden of persuasion in light of all the evidence produced at the hearing.
ANALYSIS
           At the hearing, the appellant presented some evidence supporting her indigency by
providing her sworn statement and testimony about her rent expenses. We agree with the
court of appeals that the appellant made a prima facie showing of indigency and satisfied her
initial burden of production,


 and, in the absence of any evidence at that point to cast doubt
on her claims, her burden of persuasion. The burden of production and persuasion then
shifted to the State to refute the appellant’s proffered evidence.
The Appellant’s Income
           In Navarro County, an appellant in 2008 was not indigent if either his take-home
wages or salary or his net self-employment income exceeded $10,400 or the value of his non-exempt assets exceeded $1,000 or the estimated cost of obtaining competent legal counsel.


 
The State has conceded that the trial court erred to regard the appellant’s gross income for
the year 2006 ($10,905) as probative of her net income for 2008.


 It argues, nevertheless,
that the trial court had enough reason to doubt the appellant’s assertion in her sworn
statement of indigency that her income was only $550 per month. We pretermit any
discussion of the sufficiency of the appellant’s income to raise her above the poverty level
because we hold that, in any event, the record supports the trial court’s finding—if only
barely—that she had sufficient assets to afford both a record and appellate counsel.
The Appellant’s Non-Exempt Assets
           The appellant now argues that the trial court abused its discretion by finding that the
appellant could use her assets to finance her appeal. She tries through her brief to introduce
new facts to explain the evidence in the record in order to resolve ambiguities in her favor
on appeal. For example, the appellant claims that the record contains no evidence to show
that her antiques could be sold.


 But neither does the record affirmatively show that they
could not be sold, and the appellant’s attempt to barter them for the court reporter’s services
demonstrates a belief on her part that they had a market value of at least $3,000. Appellate
review is limited to only what is contained in the record.


 The proper place for the appellant
to have explained that the antiques were in reality worthless, notwithstanding her
representations to the court reporter, was at her hearing. Absent any such testimony in the
record, the trial court did not abuse its discretion in finding that the court reporter’s testimony
satisfied the State’s burden of production, and, ultimately, persuasion with respect to the
availability of the antiques to contribute to the costs of the appellant’s appeal.
           Similarly, if the appellant wished to respond to the State’s evidence tending to show
that the appellant actually owned the second, non-exempt real property, the appellant should
have presented additional, supporting evidence to that effect at the indigency hearing. The
State presented county records showing that the appellant was the record owner of that
property, and that it had an appraised value of $6,670. To rebut the State’s presentation, the
appellant produced court records dismissing the eviction proceedings brought by the
appellant for her second, non-exempt property for lack of jurisdiction. The appellant’s
counsel argued that this dismissal showed that the appellant did not have clear title to the
property, and that it was therefore unavailable for purposes of raising funds for her appellate
costs. But there was no explanatory testimony to this effect, and the appraisal district record
indicates that the property was conveyed to the appellant in 2002, after the date of the
attempted eviction proceedings in 2000. On this state of the record, the trial court could
rationally have found that the appellant had at least $9,670 ($3,000 in antiques plus $6,670
in non-exempt real property) worth of assets to devote to the costs of her appeal.
           The appellant argues that her child-support obligation should have been considered,
positing that the failure to do so constituted an abuse of discretion. The notice of child-support lien, dated August 2004, states that the appellant owed $5,834 in unpaid support. 
Assuming the debt was still wholly outstanding, and subtracting this amount from the $9,670
of assets the trial court determined that the appellant owned, would leave appellant with
$3,836 of assets—an amount that still exceeds Navarro County standards for indigency.


 
In any event, the notice of child-support lien was never formally introduced into evidence at
the hearing and was not mentioned in the trial court’s findings and conclusions. We presume
that the trial court did not take the lien into account; nor was it an abuse of discretion for the
trial court to fail to do so when neither party insisted that it should during the indigency
hearing.



           After reviewing all of the evidence at the indigency hearing, the trial court found the
State’s characterization of the appellant’s assets to be more persuasive. If the reporter’s
record cost $3,000,


 the appellant would have at least $6,670 worth of assets left over to
devote to the cost of an appellate attorney. The record contains no estimate of what the cost
of competent private legal counsel would be for a typical DWI appeal in Navarro County, but
we have no reason to believe it should exceed $6,670. It is not the reviewing court’s job to
determine whether the appellant was indigent for purposes of appeal. Rather, the reviewing
court’s role is to determine whether the evidence produced at the indigency hearing supports
the trial court’s ultimate determination. For purposes of a free record, we will uphold a trial
court’s non-indigency finding if there is credible evidence in the record supporting such a
finding. For purposes of appointed appellate counsel, we will uphold a determination of non-indigency if the trial court reasonably believed, based on the record evidence, that the
defendant was not indigent. Because we hold that the proper place for an appellant to
introduce evidence challenging the State’s rebuttal evidence is the initial indigency hearing,
not on appeal or in a petition for discretionary review, we hold that the trial court’s
determinations were reasonably supported by the evidence in both instances (free record and
appellate counsel). Accordingly, we affirm the judgment of the court of appeals.
 
Delivered:     January 27, 2010
Publish